IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TC HULETT, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 24-2218-EFM-ADM |
| | ) |
| OLATHE MEDICAL CENTER, et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**
**and**
**REPORT AND RECOMMENDATION**

This matter comes before the court on plaintiff TC Hulett, Jr.'s "Motion for Notice I do not consent to a magistrate Judge[,] Motion To Disqualify Presiding Official Under 28 USC Section 455 For Failure To Remain Impartial," which the court construes as a motion for recusal. (ECF 28.) The motion appears to stem from the court's August 16, 2024 order (ECF 27) directing Hulett to show cause by August 23 why his claims against Dr. James Berrigan, Emily (a nurse, her last name being unknown), and a security guard (whose identity is unknown) should not be dismissed without prejudice for failure to effectuate timely service. For the reasons explained in more detail below, the court denies Hulett's motion to recuse and recommends that the district judge dismiss Hulett's claims against Dr. Berrigan, Emily, and the security guard.

**MEMORANDUM AND ORDER**

Two federal statutes govern judicial recusal: 28 U.S.C. §§ 144 and 455. These statutes require a judge to disqualify herself in any proceeding in which her impartiality might reasonably be questioned, or if she has a personal bias or prejudice concerning a party. The test for determining impartiality is an objective one. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about

the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). But a judge must not recuse based on unsubstantiated suggestions of bias. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *see also David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (explaining that a judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is"). In fact, a judge has a duty to remain on the case when there is no legitimate reason for recusal. *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002); *Nichols*, 71 F.3d at 351. The party moving for disqualification bears the burden of proof. *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (characterizing the burden as a heavy one).

Here, Hulett claims that the undersigned magistrate judge "is willfully and knowingly trespassing on my rights protected by the United States Constitution, knowingly and willfully warring against the Declaration of Independence which is in place to protect my rights as being a loyal American." (ECF 28, at 7.) Hulett seems to base his claims on this court's August 23 order directing him to show cause why his claims against Dr. Berrigan, Emily, and the unknown security guard should not be dismissed because he has not provided addresses at which the U.S. Marshal can effectuate service on these defendants. (ECF 27.) Hulett's motion states, "Denying my evidence and forcing me to show cause why my case should not be dismissed is intentionally 'abuse of discretion.'" (ECF 28, at 10-11.)

The court may not recuse based on the allegations in Hulett's motion. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Indeed, the Tenth Circuit has held, "adverse rulings against a litigant cannot in themselves form the appropriate ground for disqualification." *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992). Moreover, Hulett's generalized statements that the undersigned

2

judge is "'biased' is not sufficient to meet the standard for recusal." *Ngiendo v. Univ. Partners, LLC*, No. 20-CV-2393-HLT-TJJ, 2022 WL 16908661, at *2 (D. Kan. Oct. 28, 2022).

The circumstances here are not ones where a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality, much less demonstrate a personal bias or prejudice. The undersigned has no personal bias or prejudice against Hulett, and therefore has a duty to sit and hear this case because there is no legitimate reason for recusal. Hulett's motion for recusal (ECF 28) is denied.

## REPORT AND RECOMMENDATION

As noted above and as explained more fully in the court's August 16 Order to Show Cause (ECF 27), Hulett has not properly effected service on any defendant other than Olathe Medical Center. His time for so doing has run. He did not file a response to the court's order to "show cause in writing by **August 23, 2024**, why the court should not recommend that his claims against Dr. Berrigan, Nurse Emily, and the unknown security guard be dismissed without prejudice pursuant to Rule 4(m)." (*Id.* at 3 (emphasis in original).) The court therefore recommends that the district judge dismiss Hulett's claims against these three defendants.

The court informs Hulett that he may file specific written objections to this report and recommendation within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); D. KAN. RULE 72.1.4(b). If he fails to does not file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE ORDERED** that Hulett's motion for recusal (ECF 28) is denied.

**IT IS THEREFORE RECOMMENDED** that that the district judge dismiss Hulett's claims against Dr. Berrigan, Nurse Emily, and the unknown security guard without prejudice pursuant to Rule 4(m).

**IT IS FURTHER ORDERED** that the clerk's office send a copy of this order and report and recommendation to Hulett via regular and certified mail, return receipt requested.

Dated September 16, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
