## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TC HULETT, JR.,

    *Plaintiff,*

v.               Case No. 24-2218-EFM-ADM

OLATHE MEDICAL CENTER,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff TC Hulett, Jr. brings suit, pursuant to 42 U.S.C. § 1983, alleging that Defendant Olathe Medical Center ("OMC") denied him emergency medical care in violation of 42 U.S.C. § 1395dd and 42 U.S.C. § 241. Before the Court is OMC's Motion to Dismiss (Doc. 13). For the reasons stated herein, the Court grants Defendant's motion.

## I.  Factual and Procedural Background[1]

Plaintiff sought treatment at the OMC Emergency Department on May 17, 2022. He suffered from dizziness, confusion, with head and chest pain. He was denied emergency medical care and stabilizing treatment.

Plaintiff, proceeding pro se, filed his complaint on May 17, 2024, and he attached an exhibit in support of his Complaint on June 4, 2024. OMC filed the present motion on July 2, 2024, seeking dismissal of Plaintiff's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff did not respond.

---

[1] The facts are taken from Plaintiff's Complaint and are accepted as true for purposes of this ruling.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[2] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[3] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[4]

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[5] A pro se litigant is entitled to a liberal construction of his pleadings.[6] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with pleading requirements."[7] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant.[8]

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[5] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[6] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Id.*

### III.    Analysis

A party normally must respond to a motion to dismiss within 21 days.[9] If a timely response is not filed, the Court may consider the motion as uncontested.[10] Here, more than 90 days have elapsed since Plaintiff's response was due. Accordingly, the Court could grant Defendant's motion on this ground alone.[11] However, because Plaintiff proceeds pro se, the Court will address the substance of Defendant's motion.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed *by a person acting under color of state law*."[12] "The 'under color of state law' requirement is 'a jurisdictional requisite for a § 1983 action.'"[13] "[P]rivate conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is."[14]

OMC argues that Plaintiff does not allege that OMC or its employees acted under color of state law.   Indeed, OMC asserts that it is a private hospital and its employees are privately employed.   As noted above, Plaintiff did not respond to Defendant's motion, and thus the Court can only rely on Plaintiff's allegations.   Plaintiff's Complaint is extremely cursory, and there are

---

[9] D. Kan. R. 6.1(d)(1).

[10] D. Kan. R. 7.1(c).

[11] *See id.* ("Ordinarily, the court will grant [a motion for which there is no response] without further notice.").

[12] *Hall v. Witteman,* 584 F.3d 859, 864 (10th Cir. 2009) (quotation marks and citation omitted) (emphasis added).

[13] *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981)).

[14] *Witteman*, 584 F.3d at 864 (quoting *Jojola*, 55 F.3d at 492).

no allegations that OMC acted under color of state law. Therefore, Plaintiff's claim does not plausibly state a claim under § 1983, and his complaint against OMC must be dismissed.[15]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 13) is **GRANTED**.

**IT IS SO ORDERED**.

This case is closed.

Dated this 27th day of November, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[15] Plaintiff proceeds pro se and his pleadings are afforded some leniency in interpretation. However, the Court is aware that this particular Plaintiff is sophisticated enough to file a claim against a private hospital under the appropriate statutory scheme and respond to a motion to dismiss. Seven days before filing this action, Plaintiff filed a very similar suit against a different hospital in this District. Unlike here, in the other suit, Plaintiff did not elect to proceed under § 1983. *See generally Hulett v. AdventHealth Shawnee Mission*, 5:24-cv-4040-TC-TJJ. Here, he has elected to proceed under § 1983 and did not respond to Defendants' motion.